IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON L. ZORRILLA-BALSEIRO
JUDITH MALDONADO-TORRES
Plaintiffs

vs

MARINA PUERTO CHICO, INC.
Defendant

CIVIL 08-1183CCC

**O R D E R**

This is an action brought under our admiralty jurisdiction seeking damages for the loss of a motor vessel. Before the Court now is the Motion for Partial Summary Judgment filed by defendant Marina Puerto Chico, Inc. on January 7, 2009 (**docket entry 25**) and the opposition filed by plaintiffs on January 21, 2009 (docket entry 27).

The salient facts, taken from the complaint's allegations (docket entry 1), follow. Plaintiffs owned the vessel M/V JOYITA, which they docked at Marina Puerto Chico (Marina). Because its engines needed to be repaired, on November 7, 2007 the boat was towed to the Marina's dry stack area. While being repaired, a Marina employee discovered that the vessel was accumulating water in the bilge as its bilge pumps were not working due to dead batteries. Plaintiff Ramón L. Zorrilla-Balseiro (Zorrilla) then connected the vessel to the shore power, which charged the batteries and enabled the pumps. Marina informed Zorrilla that the vessel could not be towed back to its slip until the following day, however, and given that Zorrilla would not be able to be at the Marina on that date he arranged with a Marina employee to take care of the boat's towing and its return to the slip. This employee was allegedly familiar with the vessel, the problem with its batteries, and the need to reconnect it to the shore electrical power. On November 8, the vessel was returned to its slip as scheduled. Then, early on the morning of November 10, Marina personnel were informed that the boat was inclined on its stern, partially under water, but allegedly no action was

CIVIL 08-1183CCC                                          2

taken by them nor were plaintiffs immediately informed.  The vessel eventually sank, plaintiffs notified of the calamity, and when they arrived to the slip found that it was not connected to the shore power and its bilge pumps were not functioning.  Plaintiff, thus, claim that the loss of the M/V JOYITA was caused by the negligent acts and omissions of Marina' employees, and seek damages for its total loss and salvage expenses, as well as for their emotional pain and suffering.

Defendant has moved for partial summary judgment on plaintiffs' damages claim for emotional distress founded on a "zone of danger" doctrine which it claims is applicable in general maritime law.  Plaintiffs have opposed that request, claiming that this is a breach of contract and negligence case and not a typical admiralty case and that, in any event, case law allows for the recovery of emotional damages in admiralty cases.

We address plaintiffs' arguments in opposition first given their vapidity.  That this is an action arising under our admiralty jurisdiction was alleged by plaintiffs in the complaint's jurisdictional allegations, where they aver that their "cause of action arises out of a maritime tort which occurred in the navigable waters of the United States and the Commonwealth of Puerto Rico."  Complaint, at ¶ 1.  In fact, were this action a run-of-the-mill breach of contract/negligence case, as movants contend, we would not have jurisdiction at all, as both parties are alleged to be citizens of the Commonwealth.  Complaint, at ¶¶ 2, 3.  Plaintiffs simply cannot invoke the admiralty jurisdiction of the Court in order to obtain jurisdiction, only to renege on said jurisdictional ground later in the litigation if it does not suit their interests. Hence, based on the jurisdictional allegations of their complaint, general maritime law applies to their claims.  And, while is it true that the recovery of emotional damages is allowed under admiralty law, as they correctly posit, that general maxim by itself does not serve to defeat defendant's dismissal argument.  The issue is precisely under what specific circumstances is the recovery of emotional damages allowed under admiralty law.

CIVIL 08-1183CCC                                3

      Defendant, relying on case law from this District, avers that pursuant to the "zone of danger" doctrine applicable in maritime cases when "a plaintiff is not present at the time of an incident, [he] may not assert a claim for mental anguish." Motion for Partial Summary Judgment (docket entry 25), at p. 5. See Kunkel v. Motor Sport, Inc., 349 F.Supp.2d 198 (D.P.R. 2004); Peemoller Sultan v. Pleasure Craft Contender 25', 139 F.Supp. 2d 230 (D.P.R. 2001). Thus, it argues that since plaintiffs were not on board the vessel when it sank, nor were they placed in danger as a result of that incident, they "are not entitled to any award for emotional distress or mental anguish...." Motion, at p. 6.

      Claims for the negligent infliction of emotional distress are cognizable under admiralty law, Wallis v. Princess Cruises, Inc., 306 F.3d 827, 841 (9th Cir. 2002), although the recovery of such damages is limited by three main theories. Under the "physical injury or impact" theory, a plaintiff may recover emotional distress damages only if he/she suffers an accompanying physical injury or contact. See Plaisance v. Texaco, Inc., 937 F.2d 1004, 1009 (5th Cir. 1991). Under the "zone of danger" doctrine, the plaintiff may recover even though there is no physical contact so long as the plaintiff witnesses peril or harm to another and is also threatened with physical harm as a result of the defendant's negligence. Plaisance v. Texaco, Inc., 966 F.2d 166, 168 (5th Cir. 1992). The third theory, the "bystander proximity rule," permits recovery if the plaintiff is physically near the scene of the accident, personally observes the accident, and is closely related to the victim. Id.

      While defendant's motion mainly relies on the application of the "zone of danger" doctrine, it recognizes that "this Court has not specifically adopted the 'zone of danger' test in maritime cases...." Motion, at p. 5. We, however, find it unnecessary to decide which test to adopt in order to rule on defendant's dismissal motion since none of the three theories allow recovery for emotional distress when the plaintiff is not present at the scene of the accident. The Supporting Statement of Material Facts submitted by defendant as part of its Motion, at pp. 2-3, and which plaintiffs have not controverted, serves to establish that none

CIVIL 08-1183CCC                                          4

of the plaintiffs were physically present at the Marina when their boat sank; rather, they were more than 40 miles away at their home in Guaynabo. Thus, plaintiffs cannot state a claim for emotional pain and suffering under any of the theories outlined above.

Accordingly, and for the reasons stated, defendant's Motion for Partial Summary Judgment (**docket entry 25**) is GRANTED. Partial judgment will be entered DISMISSING plaintiffs' claim for damages based on their emotional pain and suffering as alleged in paragraph 25 of the Complaint.

SO ORDERED.

At San Juan, Puerto Rico, on March 30, 2009.

                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge